CARTLEDGE and another *vs.* WEST and another.

The landlord may recover under a count upon an *insimul computassent* though the evidence be of an accounting concerning rent secured by *deed. Semble.*

But where the defendant was the assignee of the lessee under an assignment for the benefit of creditors, and the promise upon the accounting was to pay the rent *when the defendant should receive funds from the assigned property,* and there was no proof that he had received such funds, *held* that the plaintiff could not recover.

ON error from the supreme court, where the defendants in error, as plaintiffs, recovered a judgment against the plaintiffs in error upon verdict. The defendants below moved the supreme court for a new trial upon a bill of exceptions, which was refused. For a report of the case and the opinion of the supreme court, see 5 *Hill,* 488. As the decision in this court turned upon a different question from that determined in the supreme court, it is necessary to state that the assignment by Gaylor to

the defendants mentioned in the report in *Hill*, was a conveyance in trust for the payment of the debts of the former; and that the evidence of an accounting and of a promise to pay, by the defendants, was as follows. Mumford, a witness for the plaintiffs, presented to the defendants an account for the rent claimed, which contained several items of credit and stated a balance of $876,80, and one of the defendants, the other being present, said that they were responsible for the rent and would pay it as soon as they could. Other evidence in the cause tended to show that the defendants' language on that occasion was, that they would pay the rent *as soon as they received funds as assignees.* The judge in his charge stated that it was not essential that it should appear that the defendants had promised to pay the rent out of their own funds, that a promise to pay out of the assigned estate when realized would be a sufficient stating of the account to charge them on the count upon the *insimul computassent.* This portion of the charge was excepted to by the defendants' counsel. The cause was argued here by

*E. Paine & C. O'Conor,* for the plaintiffs in error.

*E. Sandford,* for the defendants in error.

GARDINER, President. The circuit judge charged the jury, in substance, that if they were satisfied that when Mumford presented the account, one of the defendants stated that he would pay it as soon as the assignees got funds to pay it, it would entitle the plaintiffs to recover as upon an account stated. It was urged upon the argument here, that the stating of the account was a new consideration from which the law would imply a promise. Should this be admitted, it by no means follows that a promise will be implied different in its character from that actually made in express terms. If the accounting was a good consideration, it will support the promise which the party really made, and not one of a different character. Suppose the defendants had given a promissory note payable upon

Cartledge *v.* West.

time, it will scarcely be insisted that the plaintiffs would be at liberty to abandon the note and sue upon an implied promise. But here the statement or admission of the account is to be inferred only from the promise. The defendants said they would pay it as soon as they had funds as assignees to do so, and this is all they said about it. If we reject this promise we lay aside all the evidence in the case, of an account stated. The promise was obviously conditional. An engagement to pay when the assignees as such were in funds, is very different from a promise to pay forthwith or generally, without regard to particular funds; but the learned circuit judge treated them as identical. There was no evidence that the defendants received any trust funds after this promise was made; but if there had been it should have been submitted to the jury. Under the charge the existence of such funds was entirely immaterial. The authorities collected in 1 *Leigh's N. P.* 100, 1, while they state the general rule show that it is so qualified as to render the evidence relied upon in this case unavailable.

For the reasons assigned, I am of opinion that the judgment of the supreme court should be reversed.

Senator BEERS also delivered an opinion in favor of reversing the judgment of the supreme court.

On the question being put, "Shall this judgment be reversed?" all the members of the court, present, who had heard the argument, to wit, The PRESIDENT and *Senators* BEERS, CHAMBERLAIN, CLARK, CORNING, DEYO, EMMONS, FAULKNER, LOTT, MITCHELL, PORTER, SMITH and TALCOTT, (13) voted in the affirmative.

Judgment reversed.