EDITH A. HULBERT, Appellant, v. THE FELBER ENGINEER-
ING WORKS, Respondent.

(Supreme Court, Appellate Term, March, 1912.)

Contracts — Parties and persons by whom or against whom enforceable
— Persons entitled to enforce contracts — Actions on contracts —
Right of aggrieved party to rescind or abandon contract.

> Where a defendant by a wrongful act has prevented the happen-
> ing of the contingency upon which the existence of a particular
> fund depends, his act is no defense to an action to recover money
> payable from the fund had it existed.
>
> A shipment of certain iron by plaintiff to a coaster company
> was to be made "about two weeks" after March 17, 1911. De-
> fendant upon assuming the contract agreed with plaintiff to sup-
> ply the iron at a price which would yield a profit to be paid to
> plaintiff by defendant upon its receipt of payments from the coaster
> company. Defendant by letter dated April 19, 1911, advised
> the coaster company of the assignment of the contract and
> that it expected to ship a part of the iron early the next week
> and the balance in ten days. The coaster company by letter dated
> April 24, 1911, answered defendant's letter assenting to its sug-
> gestions and request and on May 8, in response to a telephone
> inquiry, defendant wrote the coaster company that it would be
> unable to complete the shipment of the order until May 20. On
> May 10, the attorney for the coaster company wrote defendant
> that it could wait no longer and thereupon with the defendant's
> assent the contract was rescinded by the coaster company. In an
> action to recover the profit agreed to be paid plaintiff by defend-
> ant, held, that under the practical construction by the parties, the
> "about two weeks after March 17," was extended to May 10, and
> that a judgment in defendant's favor should be reversed.

APPEAL by plaintiff from a judgment of the Municipal
Court of the city of New York, borough of Manhattan, ninth
district, rendered in favor of the defendant after a trial be-
fore the court without a jury.

Warren S. Burt, for appellant.

Thomas F. Keogh, for respondent.

Supreme Court, Appellate Term, March, 1912. [Vol. 75.

Hotchkiss, J. The plaintiff made a contract with the International Giant Coaster Company to furnish it with a quantity of three-eighths-inch by three-inch iron, shipment to be made " about two weeks " after March 17, 1911, the date of the contract. Additional orders for similar goods were added to the contract on April fourth and eighth, shipments to be made with the goods ordered March seventeenth. Payment for all was to be made thirty days after date of shipment. The defendant agreed with plaintiff to assume the contract and supply the iron at a price which would yield plaintiff $287.60, the amount sued for in this action, which amount defendant agreed to pay " upon receipt of payments by us " (defendant) from the coaster company.

In a letter to the coaster company dated April nineteenth, defendant informed it that the contract had been assigned, and said: " We will expect to ship early next week all of the ⅜″ x 3″ and the balance in ten days. We wish you would kindly acknowledge receipt of this notice, and advise us that the above is satisfactory and that payments will be made to the order of this Company in accordance therewith." The coaster company answered this letter on April twenty-fourth, assenting to its suggestions and requests. Ellsworth, plaintiff's agent, testified that about a week after this he asked defendant's agent, Plunkitt, when delivery could be expected, saying, " the purchasers were roaring about the material," and that Plunkitt replied, he was very sorry, was going to get the stuff out as soon as possible, but he had been compelled to give preference to another customer. Plunkitt, when examined as a witness, admitted this conversation, or the substance of it. It is apparent from this and other testimony that the coaster company and plaintiff were, at the time testified and thereafter, urging defendant to deliver. It is equally plain that defendant was itself disappointed at its inability to conform to these demands, and that its failure to deliver was due to the failure of others with whom it had in turn placed the orders. In its letter of May fifth to its subcontractor, defendant says: " Something must be done to hurry forward this order, as we based our plans on your promise that this iron could be gotten out in a few days

\* . \* \* We would like to have shipping papers not later · than next Wednesday. What can you do for us?" On May eighth, in response to a telephone inquiry, defendant wrote to the coaster company: "We regret to advise that, owing to unforseen delay, we will be unable to make complete shipment of your order \* \* \* until May 20th \* \* \* We trust you will be able to bear with us in this matter, and if we can do anything to improve this date of shipment, we will be glad to do so." On the tenth of May, the attorney for the coaster company wrote defendant that it was "very much in default," that they had "been waiting \* \* \* quite some time under your promise to make shipment;" that they could wait no longer, and, therefore, canceled the contract. On the same day, the defendant wrote the coaster company, saying, "In response to telephone *request* (*sic.*) by your Mr. Jarvis, we are cancelling your orders for material placed with Mr. Ellsworth, and assigned to us."

The appellant argues for a reversal of the judgment on the ground that the evidence shows a voluntary cancellation of the contract by defendant. The respondent, while denying that there was any voluntary abandonment of the contract, contends that appellant was not entitled to recover because nothing was ever received by defendant from the coaster company under the contract. I cannot assent to either of these theories. Nor is it necessary to appellant's right to recover that the contract should have been voluntarily abandoned by the respondent. Although ordinarily there can be no recovery for money payable out of a specified fund, where such fund depends on a contingency which never happened (Franklin v. Robinson, 1 Johns. Ch. 157; Cartledge v. West, 2 Den. 377), if the defendant has by his own wrongful act prevented the happening of the contingency and has thus made it impossible for the fund to exist, he cannot assert such act as a defense. We are, therefore, led to inquire whether the cancellation of the contract by the coaster company was justified on its part, and was due to the failure of respondent · to ship within the contract period. If both of these questions are answered in the affirmative, it was error for the court below to nonsuit the appellant.

As a rule, where contracts of sale express the time of delivery, the question is one of construction, and, therefore, one of law for the court, and not of fact for the jury. Benj. Sales, § 1024. Here, as has been stated, shipment was to have been made " about two weeks after March 17th." There seems to be a dearth of authority in this State as to the meaning of the word " about," when used in reference to time. But in the Federal courts the term has been interpreted in several cases. In Sanders v. Munson, 74 Fed. Rep. 649, it was held that the use of " about " did not render the time of performance of a contract so indefinite as to show an intent that time should not be material. To the same effect was the decision in the case of The Albert,· 61 Fed. Rep. 504. In Von Lingen v. David, 1 Fed. Rep. 178, speaking of the word " about," as used in a charter-party which recited that a vessel was " about to sail," the court said: " The word ' about ' can only be construed with reference to the subject matter and circumstances with regard to which it is used. It has a more uncertain meaning than the words ' almost,' ' nearly,' ' wellnigh,' and unless I adopt the method last above indicated, I think we are entirely without any guide in ascertaining its meaning as used in this charter."

· Recourse to the circumstances surrounding the contract in, this case may be avoided by the application of a further rule of construction, which the facts brought out at the trial justify us in resorting to. Bennett v. Lingham, 31 Fed. Rep. 85, was an action for damages for failure to ship on plaintiff's steamer, which by the contract was " sailing from New York *about* the middle of September." On September fourteenth, defendant was informed that the steamer would sail on September twenty-seventh, and he made no objection. In the course of his· opinion Benedict, District Judge, said: " The phrase ' about the middle of September ' is indefinite. It has no definite meaning in the trade. In this instance, it was construed by the ship to cover a day as late as September 27th. This construction was made known to the defendant on September 14th, and he then made no objection to that construction. After this interpretation of the indefinite phrase  *  *  ·*  acquiesced in by defendant, and that too

a day before the middle of September, it was not open to the defendant to say that a tender of the ship on the 29th of September was not a compliance with the contract."

Adopting the principle invoked in Bennett v. Lingham, I think we find sufficient evidence in the present case to show that there was a practical construction by the parties of the meaning of the phrase " about two weeks after March 17th," sufficient, at least, to satisfy me that the respondent on May tenth, when the coaster company rescinded the contract, was conscious that it was and had for some time been in default in its shipment, and that for this reason it acquiesced, without protest, in such rescission. If the foregoing views are correct, they lead to a reversal of the judgment.

SEABURY and GERARD, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.