CEREAL PRODUCTS, INC., Respondent, v. GREATER NEW YORK INDUSTRIES, INC., Appellant.— In an action to recover damages for breach of a contract which, in effect, provided for the sale by the respondent and the purchase by appellant of ground manioc root, judgment in favor of respondent, entered on the verdict of a jury, reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. The trial court correctly determined that the contract between appellant and respondent was not void for lack of mutuality. Paragraph 6 of the contract, which excused performance by respondent unless respondent should receive the manioc root from its supplier, under a contract "presently negotiated", requires a reasonable construction. Respondent could not have avoided its contractual obligation to deliver manioc root to appellant by an arbitrary neglect or refusal to contract with its supplier for delivery of such material. (Cf. *Amies* v. *Wesnofske,* 255 N. Y. 156, 162; *Simon* v. *Etgen,* 213 N. Y. 589; *Patterson* v. *Meyerhofer,* 204 N. Y. 96; *Matter of Federated Textiles* [*Glamour Girl, Inc.*], 265 App. Div. 252; *Hulbert* v. *Felber Engineering Works,* 75 Misc. 621.) Appellant, however, was not required by its contract to deliver the letter of credit referred to in paragraph 8 thereof,

until the manioc to be delivered by respondent had been passed by the Federal Security Agency, Food & Drug Administration. Paragraph 8 required appellant to deliver a letter of credit which would have permitted respondent to receive payment of the full costs of manioc root delivered, on presentation of nothing more than bills of lading entitling appellant to possession of such manioc root. The parties, however, did not intend that payment should be made for any of the manioc root unless appellant should be first assured that it was fit for the use intended to be made of it. It was, therefore, provided in paragraph 12 of the contract that anything contained in the contract to the contrary notwithstanding, appellant should be under no obligation under the contract unless the manioc referred to therein should have been passed without restriction by the Federal Security Agency, Food & Drug Administration. Since the contract excused appellant from assuming any obligation thereunder unless the manioc should have been passed by the Federal Security Agency, Food & Drug Administration, it was error for the trial court to construe it as requiring the delivery of the letter of credit before the manioc root had been passed by the Federal agency, and to refuse to charge with respect to this subject of dispute, as requested by appellant. In our opinion, the first and third defenses pleaded in appellant's answer were properly disposed of by the trial court. Carswell, Acting P. J., Nolan, Sneed and Wenzel, JJ., concur; Adel, J., dissents and votes to affirm. [See *post*, p. 852.]