LOUIS FENNING, Respondent, *v.* GEORGE LASKAS and MARGARET LASKAS, Appellants.

Second Department, April 9, 1920.

**Landlord and tenant — lease providing that premises shall be used for saloon purposes — tenant enjoined from conducting saloon by reason of restrictive covenant running with land — breach of covenant by lessor — damages of tenant.**

Where a lease provided that the tenant should occupy the store of the premises for the purposes of a retail liquor store, the floors above to be used for a dwelling, and provided that the premises should not be occupied for any other purpose under the penalty of forfeiture and damages to be recovered by the landlord, and the tenant, having established a saloon, was enjoined from carrying on the business in a suit brought by a rival saloonkeeper upon the ground that the landlord's predecessor in title prohibited the sale of intoxicating liquors on the premises by a duly recorded restrictive covenant running with the land and binding upon his successors and assigns, the tenant who took the lease with no knowledge of the restrictive covenant is entitled to recover against the landlord for his breach of an implied covenant of quiet enjoyment.

While there was no implied covenant on the part of the landlord as to the freedom of the premises from physical defects the rule has no application to the unavailability of premises for the use intended arising from legal objections.

A covenant of quiet enjoyment would have been implied, even though the landlord's agreement with the tenant had not amounted to an express covenant against such defect in title.

As the tenant sustained substantial damages he is entitled to judgment therefor.

REARGUMENT of an appeal by the defendants, George Laskas and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of February, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 7th day of March, 1919, denying their motion for a new trial made upon the minutes in an action brought to recover for an alleged breach of an implied covenant of quiet enjoyment. (See 189 App. Div. 907, 942.)

*James F. Lynch* [*Thomas A. McKennell* with him on the brief], for the appellants.

*Frank W. Holmes* [*Henry Ward Beer* with him on the brief], for the respondent.

RICH, J.:

The plaintiff rented defendants' premises to be used as a saloon. The lease, executed March 8, 1916, contained, among its other provisions, the following: "And it is agreed that the said tenant shall use and occupy the store in the said premises for the purposes of a retail liquor store and that the floors above the said store shall be occupied for dwelling purposes for not more than two families, and that the said premises shall not be occupied for any other purpose under the penalty of forfeiture and damages to be recovered by said landlord."

It seems the defendants' predecessor in title entered into an agreement, which was duly recorded in the Kings county register's office June 30, 1911, in which it was provided that there should not be sold on the premises in question any beer, ale, malt or intoxicating liquors of any kind for consumption, and it also provided that this restrictive covenant should run with the land and be binding upon the successors and assigns of the owner.

After the execution of the lease and after plaintiff had entered into possession an action was commenced by a rival saloonkeeper to enjoin the plaintiff and the defendants from carrying on the liquor business on said premises. The action resulted in a judgment enjoining the respondent from conducting a saloon and cafe on the demised premises or permitting the sale of any beer, ale, malt or intoxicating liquors thereon. He thereupon discontinued the business and vacated the premises.

The recovery is based upon the theory of a defect in defendants' title.

The jury found upon sufficient evidence that plaintiff had no knowledge of this restrictive covenant. He testified that the first intimation he had of the restriction was some time after he leased the premises and after he had entered into possession.

It is contended by appellants that there was no implied covenant on the part of the lessor that the premises were fit for the purpose for which they were leased, or warranty of availability for the use specified in the covenant, and several cases are cited by the learned counsel to sustain this contention. They are, however, cases where the defects complained of were *physical*, and the rule contended for does not apply in

the case at bar. Here the unavailability of the premises for the use intended was in consequence of a *legal objection.* Of the cases cited, *Franklin* v. *Brown* (118 N. Y. 110) involved the fitness of a furnished house to be used as a residence; *Prahar* v. *Tousey* (93 App. Div. 507) involved a building which was leased for a printing office, and the building department prevented its use for that purpose because of the danger to the building caused by vibration resulting from operation of presses; and *Steefel* v. *Rothschild* (179 N. Y. 273) involved an unsafe building. The rule contended for can have no application to an unavailability of premises for the use intended arising from *legal objection.* The appellants' agreement amounted to an express covenant against such a defect in their title, and even if it had not, the covenant for quiet enjoyment would have been implied. (*Franklin* v. *Brown, supra.*) Plaintiff was entitled to the enjoyment of the premises so long as he complied with the terms of the lease and used the premises only as a retail liquor store. He has sustained substantial damages, the judgment is not excessive, and the judgment and order must be affirmed on reargument, with costs.

Present — JENKS, P. J., MILLS, RICH, KELLY and JAYCOX, JJ.

Judgment and order unanimously affirmed on reargument, with costs.