MUNICIPAL METALLIC BED MANUFACTURING CORPORATION, Appellant, *v.* DAVID DOBBS et al., Defendants, and SARAH LITTMAN, Respondent.

314

(Argued March 17, 1930; decided April 8, 1930.)

*Oswald N. Jacoby* and *Benjamin Brenner* for appellant. The contract of lease is valid and actionable. (*Lorillard* v. *Clyde*, 86 N. Y. 384; *Curtis* v. *Gokey*, 68 N. Y. 300; *Cohen* v. *Berlin & Jones Co.*, 9 App. Div. 425; *Manson* v. *Curtis*, 223 N. Y. 324; *Shedlinsky* v. *Budweiser*, 163 N. Y. 437; *Security Mtge. Co.* v. *Thompson*, 66 Misc. Rep. 151; *Adler* v. *Miles*, 69 Misc. Rep. 608; *Kerley* v. *Mayer*, 10 Misc. Rep. 718; 155 N. Y. 636; *Ernst* v. *Crosby*, 140 N. Y. 364; *Chautauqua Assembly* v. *Alling*, 46 Hun, 582; *Weil* v. *Abrahams*, 53 App. Div. 313; *Steward* v. *Winters*, 4 Sandf. Ch. 628; *Gillian* v. *Norton*, 33 How. Pr. 373.) The contract of indemnity is valid and enforcible where the indemnitee is not in *pari delicto*. (*Appleton* v. *War-*

*basse,* 92 Misc. Rep. 147; *Coventry* v. *Barton,* 17 Johns. 142; *Stone* v. *Hooker,* 9 Cow. 154; *City of Brooklyn* v. *Brooklyn Ry. Co.,* 47 N. Y. 475; *Allaire* v. *Ouland,* 2 Johns. 54.)

*Edward Rager Akselrad* for respondent. The covenant to indemnify the tenant against the consequences of an ordinance or statute or any restriction imposed against the leased premises, is against public policy, illegal and unenforcible. (*Berger* v. *Koelsch,* 77 Hun, 44; *Rockwell* v. *Eiler's Music House,* 67 Wash. 478; *Raner* v. *Goldberg,* 215 App. Div. 355; 244 N. Y. 438; *Shedlinsky* v. *Budweiser,* 163 N. Y. 437.) The covenant of indemnity should be strictly construed and should not be extended by construction or implication. (*Gamble* v. *Cuneo,* 21 App. Div. 413; 162 N. Y. 634.) Misrepresentation or concealment of a matter of law cannot constitute remediable fraud because every one is presumed to know the law. (Williston on Contracts, vol. 3, p. 1495; *Hart* v. *City Theatres,* 215 N. Y. 322; *Markowitz* v. *Arrow Const. Co., Inc.,* 102 Misc. Rep. 532.)

POUND, J. The question is as to the sufficiency of the complaint herein. It alleges the lease of certain premises in the borough of Brooklyn by the defendants " for the manufacture of metal beds and retail selling of furniture and bedding;" that the lease contained a provision: " That said landlords warrant that the manufacture of metal beds under leased premises is not in violation of any Federal, City or State ordinance or statute or any restriction imposed against such leased premises and that said landlords will indemnify said tenant for any loss sustained by said tenant as a result of the existence of such restriction, ordinance or statute;" that the use of the leased premises for the manufacture of metal beds or metal bed frames was in violation of the Zoning Laws of the city of New York, of the Building Code of the Bureau of Buildings and the charter of the city of

New York; that plaintiff has not been permitted to use the premises for the purpose for which they were leased; that the covenant and warranty were falsely made with knowledge of such falsity; that plaintiff has been damaged thereby; therefore, it demands judgment.

The complaint has been dismissed for legal insufficiency on the ground that the purpose for which the lease was made is illegal and no recovery under the circumstances may be predicated thereon and that the alleged misrepresentation cannot be said to be a fraud, because it is but an expression of opinion as to the law.

The action is not brought to recover back rent paid on a lease made for an illegal purpose, nor to recover indemnity for a violation of the law. A plaintiff cannot recover if he is compelled to predicate his cause of action on an illegal contract, and one may not indemnify another against the consequences of his illegal acts (*Hart* v. *City Theatres Co.*, 215 N. Y. 322), but the covenant or guaranty of indemnity sued on is not an illegal contract and it may be enforced without any violation of law by the tenant. The fact that the lease may not be lawfully performed does not make the guaranty illegal. It stands on its own footing.

The plaintiff alleges that it cannot use the leased premises for the purpose for which they were leased without violating the law and that it will be obliged to vacate such premises or use them for some other purpose. The complaint rests on warranty rather than on false representation or deceit. Liability depends upon the exact truth as to the condition of the premises as guaranteed by the landlord.

The lease contains an absolute and unequivocal guaranty that the manufacture of metal beds in the leased premises is not in violation of law and a promise that the landlords will indemnify the tenant against any loss sustained by it as the result of the existence of any such restriction on the use of the premises. It is urged that

the tenant is presumed to know the law applicable to the facts and that, therefore, it cannot rely on the guaranty as to the law applicable to the use of the building. No presumption exists that all men know the law. The maxim " a man is presumed to know the law," is a trite, sententious saying, " by no means universally true." Ignorance of the law does not excuse persons so as to exempt them from the consequences of their acts, such as punishment for criminal offenses. Government could not be carried on if men were permitted to excuse their misconduct by pleading ignorance of the law. Speaking broadly, we may say that all persons are treated as if they knew the law in passing on the character of their acts. In that qualified sense is knowledge of the law imputed to every one. (Broom's Legal Maxims [9th ed.], p. 178.)

If ignorance of the law did not in fact exist, we would not have lawyers to advise and courts to decide what the law is. Every one would know the law and it would be applied uniformly when the facts were known to the parties; yet the law of a particular case is often known only as the courts decide it.

The right to occupy a given building in a city for factory purposes is not so clear that lawyers and courts always agree thereon. Legal advice is sought. Lawyers differ as to what the law is and the courts apply the rule of law to the facts. Title companies guarantee the validity of titles. In so doing they may guarantee the application of real estate law to difficult and baffling problems to be finally settled only by the courts of last resort. Opinion is one thing. Contract is another. When one knows the facts, a mere statement of the law applicable thereto is taken as an opinion. There is no implied guaranty that an opinion is sound but no reason exists why an express guaranty as to the law applicable to the facts may not be made.

Here we have something more than a representation

of law which is to be taken as the expression of an opinion only. The landlords assume to guarantee that their building may lawfully be used for the purposes for which it was leased. If any presumption exists, it is that the landlord knows whether his building complies with the zoning laws and factory regulations. The tenant is not left to his own judgment, but may rely on the contract of the landlord. The building may not be lawfully used for factory purposes and the lease may be illegal to that extent but it does not appear from the complaint and it cannot be inferred from the facts pleaded that it was the intent of the parties that the law should be violated. The contrary is the natural inference. The complaint looks to compliance with the law rather than non-compliance.

As we are passing only on the sufficiency of the complaint, the question of damages is not now before us. The proper rule of damages depends on the facts to be disclosed on a trial.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.