In the Matter of FEDERATED TEXTILES, INC., Appellant.
GLAMOUR GIRL, INC., Respondent.

First Department, December 21, 1942.

*David W. Kahn* for appellant.

No appearance for respondent.

*William C. Blind* and *Thomas W. Kelly* of counsel (*Julius Henry Cohen, Dana T. Ackerly, Robert R. Bruce* and *John K. Watson,* as *amici curiæ*), on behalf of American Arbitration Association, Association of Cotton Textile Merchants of New York, National Federation of Textiles, Inc., and General Arbitration Council of the Textile Industry.

UNTERMYER, J. The parties to this proceeding are described in the caption of the action as plaintiff and defendant rather than as petitioner and respondent and, in the interest of clarity, we will so refer to them in our discussion of the appeal.

On March 25, 1942, the defendant by a contract in writing agreed to purchase from the plaintiff 20,000 yards of rayon at a price specified in the contract. Delivery was to be made "April/May when ready." The written contract contained provisions for arbitration, which, if the contract is otherwise enforceable, would apply to the controversy which has arisen here. The defendant contends, however, that the contract is illegal in that performance would violate section 944.14 of Priority Regulation No. 1, as amended December 23, 1941, which so far as material provides: "INVENTORY RESTRICTION.— Unless specifically authorized by the Director of Priorities, no Person shall knowingly make delivery of any Material whatever, and no Person shall accept delivery thereof if the inventory of such Material of the Person accepting delivery, in the same or other forms, is, or will by virtue of such acceptance become, in excess of the practicable minimum working inventory reasonably necessary to meet deliveries of the products of the

Person accepting delivery, on the basis of his current method and rate of operation."

The defendant asserts that at the time specified for delivery its inventory was of such size that it could not accept the rayon without violating the provisions of the regulation. It, therefore, maintains that the agreement to arbitrate perished with the other provisions of the contract within the recent decision in *Matter of Kramer & Uchitelle, Inc.* (288 N. Y. 467). The Special Term, erroneously we think, sustained this contention and denied the plaintiff's motion for arbitration.

It may be observed preliminarily that the court was not required to accept as conclusive the defendant's assertion that its inventory did not permit the acquisition of the merchandise. The facts on which the determination of that issue depends were exclusively within the knowledge and control of the defendant and the truth of its assertion need not, therefore, have been accepted as final. There are, however, other reasons which, we think, entitled the plaintiff to prevail.

The contract here was not illegal or invalid for any other cause at the time it was made. The regulation does not invalidate such a contract, but only prohibits delivery of the merchandise by the seller and acceptance by the buyer, if at that time the inventory of the buyer is thereby unduly enlarged. The size of that inventory, known to the buyer and unknown to the seller, was within the control of the defendant since, between the making of the contract and the date of performance, the buyer could have reduced its inventory by sales of merchandise or could have augmented it by purchases from other sources. Unlike the situation in *Matter of Kramer & Uchitelle, Inc.* (*supra*), performance of the contract was not rendered impossible by law, thus frustrating the intention of the parties. Whatever impossibility may here exist is due to the action of the buyer in accumulating or retaining an inventory of abnormal size. To these facts we think the general principle applies " ' that a party cannot insist upon a condition precedent when its non-performance has been caused by himself.' " (*Amies* v. *Wesnofske*, 255 N. Y. 156; *Patterson* v. *Meyerhofer*, 204 N. Y. 96.) Accordingly, if it be true that the defendant cannot accept the merchandise without violating the regulation, it can at least respond in damages, to be determined by arbitration, for any loss sustained by the plaintiff. That result would affront no principle of public policy. (*Raner* v. *Goldberg*, 244 N. Y. 438; *Standard Oil Co. of N. Y.* v. *Central Dredging Co.*, 225 App. Div. 407; affd., 252 N. Y. 545.)

Several courses were open to the defendant even after it had contracted for the purchase of the merchandise, any one of which might have rendered possible the performance of the contract. The defendant might have applied to the Director of Priorities for relief in accordance with section 944.19 of the regulation. It could have assigned its contract to a third party who was in a position to accept the merchandise and directed delivery to the assignee. It could have sold sufficient of its inventory to enable it to accept delivery under the contract. None of these things, however, did the defendant attempt to do. It preferred to rely on the existence of a large inventory, the size of which could not be known to the plaintiff and for which the plaintiff was not responsible. We hold that these facts did not invalidate the contract or excuse performance (5 Williston on Contracts [Rev. ed.], § 1631; *Municipal Metallic Bed Mfg. Corp.* v. *Dobbs,* 253 N. Y. 313), and that, accordingly, the parties should proceed to arbitration.

The order should be reversed with twenty dollars costs and disbursements, and the motion to require the defendant to proceed to arbitration granted.

MARTIN, P. J., TOWNLEY and COHN, JJ., concur; CALLAHAN, J., concurs in the result.

Order unanimously reversed with twenty dollars costs and disbursements, and the motion to require the defendant to proceed to arbitration granted.

Settle order on notice.