EDWIN S. POPPER et al., Doing Business under the Name of LEO POPPER & SONS, Plaintiffs, *v.* CENTRE BRASS WORKS, INC., Defendant.

City Court of New York, Special Term, New York County, June 7, 1943.

*Alexander L. Strouse* for plaintiffs.

*Murray R. Paris* for defendant.

COLEMAN, J. The conservation orders of the Office of Production Management, relied upon as a defense in this action by the sellers against a buyer, are irrelevant to the contract upon which the suit is based. That contract relates to glass coal. But no order prohibiting or in any way affecting deliveries of that product was made by any branch of the government. Defendant claims, however, that the glass coal which it had purchased or agreed to purchase from plaintiffs was to be used in connection with the manufacture and distribution by it of fireplace accessories and that such business could not be continued because it was nonessential to the war effort and various governmental restrictions made it impossible for defendant to obtain the metal necessary in the manufacture of its products.

The gist of defendant's contention is stated in the opposing affidavit as follows: "Under these conservation orders and orders affecting allocation of materials, defendant was unable

to obtain from its mills and sources of supply iron, steel, brass and metals using copper alloy basis with the result that its business was immediately curtailed and it was unable to continue for any further purpose but to work out and dispose of its inventory at hand.'' The contention amounts only to this: that the defendant could find no further use for the glass coal. However, it was not prevented by law from buying or receiving it and the risk of limited use must be accepted by it. The cases relied upon by it are inapposite. There was no frustration of venture, no enactment of a statute or adoption of a regulation affecting the sale or delivery of glass coal. Defendant may not transfer to plaintiffs the loss occasioned by the fact that it was no longer able to continue in the business in which it expected to use the glass coal. The plaintiff in this case is, in some ways, in a more favorable position than was the plaintiff in *Matter of Federated Textiles, Inc.* (265 App. Div. 252), for the defendant there could not receive or accept the merchandise without violating the law, unless he were first to get rid of other merchandise which he already had in stock.

There is no evidence that when the contract was made the parties considered that it might be terminated or canceled, or that defendant would be relieved of its obligations, in the event that it should not be able to continue in business because of laws or regulations not affecting the delivery of glass coal but relating only to the manufacture of fireplace accessories; it is not suggested that there was any discussion concerning that possibility or contingency.

The time for defendant to take the merchandise, '' as called through 1942, or a little later if conditions so warrant '', has undoubtedly expired, and defendant has repudiated the contract.

Plaintiff is entitled to summary judgment. The question whether title to the merchandise had passed, whether it was specially manufactured for defendant or whether, even if not so manufactured, it '' cannot readily be resold for a reasonable price '' (Personal Property Law, § 144, subd. 3) may be determined at an assessment, for it relates only to the issue of damage, to the *quantum* of recovery.

The motion for summary judgment is, therefore, granted to the extent of directing assessment.