In an action for rescission and an accounting, defendant appeals from an order denying his motion for summary judgment under rule 113 of the Rules of Civil Practice; and from an order directing the examination of defendant before trial. Order denying motion for summary judgment affirmed, without costs. Order directing examination of defendant before trial modified on the law by striking from the first ordering paragraph items 1, 2, 3 and 4, and the words “ and as to the terms and conditions of said hiring, and employment ” in item 6. As thus modified, the order is affirmed, without costs, the examination to proceed on five days’ notice. A trial is necessary to determine whether there was mistake or misrepresentation as to the defendant’s right to the good will, firm name, etc. However, until plaintiffs are found to be entitled to rescind the agreement which Johanna W. Roller signed, and to an accounting, they have no right to an examination of defendant as to the value of the good will, firm name and occupancy of business premises. The complaint is not founded on representation or mistake as to the value of the assets which Johanna W. Roller assigned to defendant by her written agreement. Nolan, P. J., Carswell, Sneed and MaeCrate, JJ., concur; Wenzel, J., concurs in the modification of the order for the examination of defendant before trial, but dissents as to affirmance of the order denying defendant’s motion for summary judgment, and votes to reverse such order and to grant the motion, with the following memorandum: This complaint purports to allege but one cause of action which sounds in fraud. The allegations in connection with the alleged fraud are that defendant “ falsely and fraudulently or mistakenly represented and asserted that the plaintiffs were not legally entitled to any payment for the said good-will, * * * and asserted that these assets became the sole property of the defendant by reason of his position as the surviving partner.” If it might be construed that this allegation was one of mistake of law, the next paragraph' negatives such construction by the allegation that the defendant knew the representations alleged to be made by him to be “ false when made ”, and that the defendant did “ wrongfully appropriate ” the good will, etc. The alleged representation as to the law can not be the basis for an action in fraud. “ When one knows the facts, a mere statement of the law applicable thereto is taken as an opinion.” (Municipal Metallic Bed Mfg. Corp. v. Dobbs, 253 N. Y. 313, 317.) It also affirmatively appears that plaintiffs were at all times represented by a lawyer and that an account was stated between the parties. (Campbell v. Campbell, 16 N. Y. S. 165.) The motion to dismiss the complaint should have been 'granted. [See 278 App. Div. 578.]