BILLIE VITTORIA, Appellant, v. IRVING SILVER et al., Respondents.— In an action to recover damages for breach of the covenant of quiet enjoyment contained in a sublease; for breach of an alleged oral agreement to reimburse plaintiff for loss sustained or expenses incurred in removing factory equipment from the demised premises, and in making alterations to the premises; and for fraud, plaintiff appeals from a judgment in favor of defendants, rendered after trial before an official referee. Judgment affirmed, with costs. The judgment in a prior action brought by the owner of the premises against all the parties to the present action determined that the sublease was null and void because the use for which it was given was in violation of the certificate of occupancy for the property. That judgment was binding on plaintiff in this action. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Cook* v. *Conners*, 215 N. Y. 175.) Accordingly, plaintiff could not properly have been permitted a recovery on the cause for breach of covenant of quiet enjoyment, for no cause may be predicated on an illegal contract. (*Hart* v. *City Theatres Co.*, 215 N. Y. 322.) In *Municipal Metallic Bed Mfg. Corp.* v. *Dobbs* (253 N. Y. 313), the complaint was upheld because of a special agreement for indemnification contained in the lease there in question, and not upon the covenant of quiet enjoyment. With respect to the remaining two causes of action, we do not find that the findings of fact are contrary to the weight of the evidence. Nolan,

P. J., Wenzel, MacCrate and Beldock, JJ., concur; Murphy, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: Defendant Silver, operating through the codefendant corporation, on August 30, 1941, leased for six years from the owner a garage and service station, the certificate of occupancy thereof being limited to that use. Instead of informing plaintiff of this fact, Silver represented to her that the premises belonged to him. He leased to plaintiff the second floor of the building on the premises for factory use on October 16, 1946, for one year with option to her to renew for two years. Plaintiff expended substantial sums for equipment and alteration, repair and improvement of the structure. After complaints by Silver to plaintiff that he was getting insufficient rent from her, the owner sued plaintiff and Silver to declare the lease to plaintiff to be void as illegal and in violation of the lease between the owner and Silver. Silver did not defend. After removal of plaintiff in accordance with a consequent judgment, entered on March 25, 1948, the owner and Silver entered into a new four-year lease. Plaintiff is entitled to recover on the express covenant of quiet enjoyment contained in the lease to her (*Municipal Metallic Bed Mfg. Corp.* v. *Dobbs*, 253 N. Y. 313, *supra*; *Fenning* v. *Laskas*, 191 App. Div. 374; *Matter of Federated Textiles [Glamour Girl]*, 265 App. Div. 252) as well as on her cause of action for fraud (*Noved Realty Corp.* v. *A. A. P. Co.*, 250 App. Div. 1). The decision of the learned official referee does not determine the remaining cause based on an alleged oral agreement subsequent to the written lease.