Lawrence Newmark, J.
Defendant is charged with violation of section 512 (subd. 1, par. [a]) of the Tax Law of the State of New York in that he operated a vehicle which was required to have and display a tax plate, or a tax permit, without same. The defendant did not dispute the People’s allegations which were proven beyond a reasonable doubt. The sole issue is on the law, whether an operator who is not the owner of the vehicle and who is unaware that the vehicle does not have the necessary tax plate or permit can. be convicted of the charge.
The Tax Law provisions applicable to this case are (§ 512, subd. 1, par. [a]) cle'arly not restricted to owners of vehicles but include users, without any indication that they must own the vehicle or have any particular relationship with the owner of the vehicle.
We are, therefore, left with the question of intent or knowledge. The offense charged here is not a crime and falls within that class of cases designated malum prohibitum. As the Court of Appeals has stated, ‘1 an act malum prohibitum is not excused by ignorance, or a mistake of fact when a specific act is made by law indictable irrespective of the deféndant’s motive or intent. His belief that he was right in what he did based on a mistake of fact is no defense.” (People v. Werner, 174 N. Y. 132, 134).
Although he did not so designate it, a more complete description of such cases was given by Judge Cardozo in Tenement *361 House Dept. of City of N. Y. v. McDevitt (215 N. Y. 160, 168-169), as follows: “ Prosecutions for petty penalties have always constituted in our law a class by themselves * * * That is true though the prosecution is criminal in form * * * In such cases, it is enough that according to common experience there is a more or less constant relation between the act or omission against which the penalty is aimed, and the guilt, whether due to design or to neglect, of the person by whom the penalty is payable. The legislature stops the inquiry when that relation has been ascertained, rules out the excuses of the individual, and requires him at his peril to conform ’ ’.
Thus, in this case, the defendant cannot raise any defense based upon his lack of knowledge of the facts. In addition, he is presumed to know the law and the legal consequences of his acts. (Municipal Metallic Bed Mfg. Corp. v. Dobbs, 253 N. Y. 313; People v. Boxer, 24 N. Y. S. 2d 628.)
Since violation of the section charged, “ shall not be a crime and the penalty or punishment imposed therefor shall not be deemed for any purpose a penal or criminal penalty or punishment and shall not impose any disability upon or affect or impair the credibility as a witness, or otherwise, of any person convicted thereof ” (Tax Law, § 512, subd. 1, par. [g]) and in view of all the foregoing, the court must find the defendant guilty as charged.