NATIONAL LIQUOR COMPANY, INC., peticionaria y apelada, *v.* RAFAEL SANCHO BONET, en su carácter de Tesorero de Puerto Rico, demandado y apelante.

No. 7247.—*Sometido:* Febrero 3, 1936. *Resuelto:* Febrero 14, 1936.

*Hon. Procurador General B. Fernández García y T. Torres Pérez, Subprocurador,* abogados del apelante; *Dubón & Ochoteco,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Bajo su poder de policía para reglamentar el tráfico de bebidas en Puerto Rico, la Legislatura aprobó en julio 30, 1935, la Ley núm. 38 (Sesión Extraordinaria de ese año, pág. 439) que será conocida con el nombre de: "Ley de Arbitrios sobre Alcoholes y Bebidas Alcohólicas de Puerto Rico."

La compañía apelada era una rectificadora de espíritus alcohólicos. Había efectuado un contrato para la compra de alcohol de ciertos destiladores. El Tesorero insistió en que la entrega de las bebidas alcohólicas a la compradora no debía efectuarse a menos que se prestara previamente una fianza. Si el Tesorero estaba en lo cierto al asumir tal posición, la peticionaria, rectificadora, no podía obtener la libre posesión del licor sin someterse a ciertas penalidades bajo la ley. La peticionaria, habiendo sido aconsejada que tenía derecho a la entrega de estos espíritus alcohólicos sin prestar la referida fianza, acudió a la corte y solicitó la expedición de un *injunction* para impedir que el Tesorero insistiese en la prestación de ella. Después de varios incidentes y resoluciones, la corte oyó una solicitud de un *injunction* preliminar, y expidió el mismo. El Tesorero apeló. Ésta es una moción para desestimar el recurso por frívolo.

 La cuestión principal ante nos es la interpretación de las siguientes secciones de la ley:

"Sección 17.—El impuesto pesará sobre espíritus alcohólicos tan pronto sean separados en estado de pureza o impureza, mediante destilación u otro procedimiento de evaporación, de cualquier substancia, ya sea fermentada o no; pero el pago se efectuará antes de que dichos espíritus alcohólicos salgan de la fábrica, salvo lo que en contrario se disponga en esta Ley, y en la forma que prescriba por reglamento el Tesorero de Puerto Rico; *Disponiéndose,* que el Tesorero de Puerto Rico permitirá la entrega de alcohol o ron que fuera vendido a un rectificador debidamente autorizado en Puerto Rico, sin el previo pago de arbitrios al ser despachado por una destilería, y se pagará este arbitrio tan pronto el alcohol o el espíritu destilado esté embotellado para la venta.

. . . . . . . . . .

## "Disposiciones Generales.

### "deberes del contribuyente.

"Sección 25.—Los impuestos serán uniformes y generales tanto para el artículo que se produzca en el exterior y se traiga a Puerto Rico, como para el que se fabrique o produzca en Puerto Rico, y serán cobrados por el Tesorero de acuerdo con lo dispuesto por esta Ley, pero el pago se efectuará en cuanto al fabricado o producido en Puerto Rico antes de que el alcohol, espíritus destilados o bebidas alcohólicas o fermentados salgan de la fábrica y en cuanto a las producidas en el exterior y que se traigan a Puerto Rico, antes de ser levantadas de la custodia de la aduana, correo, *express,* muelle o de cualquier otro porteador público o privado que las trajeren a Puerto Rico."

Existe otra sección en la ley que otorga al Tesorero poderes generales para promulgar reglamentos para el cobro de los arbitrios fijados por la ley. Al amparo de esta sección el Tesorero ha formulado la siguiente regla:

"El pago de los impuestos se efectuará antes de que los productos ya mencionados salgan de la destilería, de la fábrica, o de que sean levantados de la custodia de la aduana, correo, *express,* muelle o de cualquier porteador público o privado; *Disponiéndose, sin embargo,* que se permitirá la entrega por una destilería, de alcohol o de ron que fuere vendido a un rectificador o fabricante, mediante

permiso autorizado por el Tesorero, sin el previo pago de los arbitrios, los cuales serán pagados por dicho rectificador o fabricante tan pronto el producto hubiere sido embotellado para la venta, siempre y cuando que dicho rectificador o fabricante hubiere prestado una fianza adicional a la que se establece por la sección 30 de la ley.''

Él sostiene que bajo la misma la única forma en que esta peticionaria podría obtener la posesión del licor sería prestando la fianza.

Existe un principio de interpretación estatutaria al efecto de que las disposiciones o excepciones específicas señaladas por una ley prevalecerán sobre ciertas disposiciones generales. Creemos que el espíritu de la sección 17, supra, es claro. Según la leemos, somos del criterio que fué la intención expresa de la Legislatura que la contribución sobre licores destilados que pasaran a manos de rectificadores debidamente autorizados en Puerto Rico, sólo debería ser pagada cuando dichos espíritus alcohólicos, una vez rectificados, fueran embotellados, y que el Tesorero no tendrá derecho a imponer a los rectificadores el deber adicional de prestar una fianza.

El Tesorero sostiene que las palabras *''Disponiéndose,* que el Tesorero de Puerto Rico permitirá la entrega de alcohol o ron que fuera vendido a un rectificador debidamente autorizado en Puerto Rico, sin . . .''* (véase sección 17, supra) son optativas o, en otras palabras que tiene discreción para actuar aún contra los rectificadores. No niega que el tiempo futuro puede ser frecuentemente usado en sentido imperativo, pero afirma que la ley en su totalidad da al tiempo futuro, según fué usado, un color distinto.

Una mera ojeada a esa disposición nos da la idea contraria, y este criterio queda fortalecido al referirnos a otras partes de la ley donde, cuando la idea fué otorgar una discreción, se usó una fraseología distinta, por ejemplo, ''El Tesorero podrá revocar . . .'', sec. 9; ''El Tesorero de Puerto Rico queda facultado para rebajar a su discreción

. . .", sec 19; "El Tesorero de Puerto Rico estará autori-zado a su discreción para permitir . . .", sec. 24.

*No encontramos razón alguna en la sección 17 de la ley que justifique al Tesorero en requerir que la apelada preste una fianza, y el recurso debe ser desestimado.*

El Juez Asociado Señor Córdova Dávila no intervino.