JOSÉ A. VÁZQUEZ, demandante y apelante, *v.* JUNTA DE SÍNDICOS DE LA UNIVERSIDAD DE PUERTO RICO, ETC., demandada y apelada.

Núm. 8248.—*Sometido:* Junio 27, 1941. *Resuelto:* Julio 14, 1941.

*Enrique Báez García,* abogado del apelante; *Juan Hernández López* y *Juan B. Soto,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este recurso envuelve la constitucionalidad e interpretación de la ley núm. 254, aprobada el 15 de mayo de 1938 (pág. 498), que literalmente dice:

"Ley para imponer una contribución de un quinto (⅕) de centavo sobre cada galón de miel de caña que se produzca, use, venda, introduzca o consuma, para asignar dicha contribución a la Universidad de Puerto Rico, y para otros fines.

"Decrétase por la Asamblea Legislativa de Puerto Rico:

"Artículo 1.—Por la presente se impone—y se ordena al Tesorero de Puerto Rico que recaude—una contribución de un quinto (⅕) de centavo sobre cada galón de miel de caña que se produzca, use, venda, introduzca o consuma en Puerto Rico; y el producto de dicha contribución, juntamente con el de cualesquiera otras impuestas para beneficio de la Universidad de Puerto Rico, será invertido bajo la dirección de la Junta de Síndicos de dicha Universidad, en la forma que a su juicio más convenga a los intereses educativos de esa Institución y a su sostenimiento y desarrollo; *Disponiéndose,* que una vez en vigor esta ley la Junta de Síndicos de la Universidad de Puerto Rico organizará una facultad de ciencias industriales en el Colegio de Agricultura y Artes Mecánicas de dicha Universidad a la usanza de otros colegios de Agricultura y Artes Mecánicas en Estados Unidos.

"Artículo 2.—Toda ley o parte de ley que se oponga a la presente, queda por ésta derogada.

"Artículo 3.—Esta Ley empezará a regir a los noventa días después de su aprobación."

El demandante apelante en su carácter de ciudadano de los Estados Unidos y contribuyente al Tesoro Insular por concepto de bienes inmuebles radicados en el término municipal de Mayagüez, solicitó de la corte inferior la expedición de un auto de *mandamus* dirigido a la Junta de Síndicos de

la Universidad de Puerto Rico, ordenándole que en armonía con la transcrita ley inmediatamente proceda a organizar una facultad de ciencias industriales en el Colegio de Agricultura y Artes Mecánicas de la Universidad de Puerto Rico "a la usanza de otros colegios de Agricultura y Artes Mecánicas en Estados Unidos", alegando el demandante que la citada ley impone a la junta demandada el deber ministerial de organizar dicha facultad de ciencias industriales. Contestó la junta, impugnando la constitucionalidad del *disponiéndose* de la citada ley por los siguientes motivos:

(*a*) Porque ésta contiene más de un asunto y la materia contenida en el *disponiéndose* que sirve de base a la contención del demandante no ha sido expresada en el título de la ley, contraviniendo así el párrafo 8 del artículo 34 de la Ley Orgánica, y

(*b*) Porque la referida ley núm. 254 en cuanto a dicho *disponiéndose* se refiere, constituye una enmienda a la sección 7 de la ley núm. 50 aprobada el 21 de julio de 1925, toda vez que tiende a privar a la junta demandada de la facultad discrecional concedídale por la ley últimamente citada para determinar y regularizar los cursos de estudio, sin que se cumplan los requisitos constitucionales para enmendar una ley.

Alegó además la junta demandada, oponiéndose a la expedición del auto, que en el supuesto de que el referido *disponiéndose* fuese válido, dicho precepto legal tiene carácter directivo y no imperativo, y por consiguiente no impone a la demandada un deber ministerial cuyo cumplimiento pueda ordenarse mediante el auto de *mandamus*.

La corte inferior sostuvo la constitucionalidad de la ley en su totalidad, pero no obstante desestimó la demanda y anuló el auto alternativo que había expedido, fundándose en que el *disponiéndose* en cuestión es de naturaleza directiva y por consiguiente no impone a la demandada un deber ministerial.

Convenimos con el apelante y con la corte inferior en que la ley en controversia no contiene más de un asunto. Es cierto que en la sección primera propiamente dicha se im-

pone una contribución y se ordena que su producto, juntamente con el de cualesquiera otras impuestas para beneficio de la Universidad, sea invertido bajo la dirección de la junta demandada *"en la forma que a su juicio más convenga a los intereses educativos de esa Institución y a su sostenimiento y desarrollo."* Pero, ¿puede alegarse con razón que el establecimiento de un colegio de ciencias industriales, a que se contrae el *disponiéndose,* no tiende a beneficiar los intereses de la institución ni a contribuir a su desarrollo? Es indudable que cualquier facultad o colegio que se agregue a una universidad contribuye a su desarrollo y engrandecimiento. Siendo ello así, no puede decirse que la ley contiene más de un asunto, según se ha interpretado dicha cláusula en relación con las distintas constituciones estatales.

"Si las distintas partes de una ley están directa o indirectamente relacionadas con el objeto de la misma, dicha ley no está sujeta a la objeción de pluralidad. Para que exista duplicidad de asuntos la ley debe contener dos o más diferentes y discordantes, que bajo ninguna justa interpretación pueda considerarse que tengan alguna legítima conexión o relación entre sí. Esta cláusula constitucional no contiene limitación alguna en cuanto a la amplitud del asunto, el cual puede ser tan extenso como la legislatura lo desee, siempre que constituya, en el sentido constitucional, un solo asunto y no varios. Puede incluir innumerables asuntos de menor importancia siempre que todos éstos combinados formen un solo asunto o tópico. No es necesario que la conexión o relación de los asuntos menores sea lógica; basta que estén conectados o relacionados con un solo asunto en la acepción corriente de la palabra. Asuntos que aparentemente son distintos e independientes, no lo son en el sentido constitucional de la cláusula a menos que sean incongruentes y diferentes entre sí. Aunque esta disposición constitucional es imperativa, sin embargo debe ser liberalmente interpretada. No es su objeto ni debe interpretarse en el sentido de impedir a la legislatura abarcar en una sola ley todos los asuntos propiamente relacionados con un asunto general." 25 R.C.L. 842.

Conteniendo un solo asunto la ley en controversia, su título es suficiente, no siendo necesario que en el mismo aparezcan todos los detalles de la ley ni que dicho título cons-

tituya un índice innecesario de la misma. *Massey–Harris Harvester Co.* v. *Federal Reserve Bank,* (1937) 111 A.L.R. 133, 138; *Shea* v. *Olson,* (1936) 111 A.L.R. 998, 1006; *Campbell* v. *Campbell,* (1938) 116 A.L.R. 939, 943.

El *disponiéndose* de la ley núm. 254 que nos ocupa, aunque se resolviera que es de carácter imperativo, no enmienda la ley núm. 50 de 1925 (pág. 283) que define en la actualidad las facultades de la Junta de Síndicos. La primera, o sea la núm. 254, es una ley especial; la segunda es de carácter general; pero ambas pueden subsistir independientemente.

Resueltas las cuestiones constitucionales, pasaremos ahora a la interpretación de la ley núm. 254 para determinar si erró o no la corte inferior al desestimar la demanda y anular el auto alternativo.

El intérprete de una ley debe procurar dar cumplimiento a la intención legislativa. Para ello precisa estudiar la ley en su totalidad a la luz de la razón que la inspiró y del sentir legislativo expresado en otros estatutos *in pari materia.*

La que nos proponemos interpretar ahora, la ley núm. 254 de 1938 íntegramente transcrita al principio de esta opinión, empieza por crear una contribución para luego disponer que el producto de la misma, juntamente con el de cualesquiera otras impuestas para beneficio de la Universidad de Puerto Rico, sea invertido bajo la dirección de la Junta de Síndicos *en la forma que a su juicio más convenga a los intereses educativos de esa institución y a su sostenimiento y desarrollo.* Hasta aquí no puede existir duda alguna de que la inversión de dicho fondo está confiada a la sana discreción de la Junta de Síndicos. Pero inmediatamente después sigue un *disponiéndose* al efecto de que "una vez en vigor esta ley, la Junta de Síndicos de la Universidad de Puerto Rico *organizará* una facultad de ciencias industriales, etc."

La palabra "organizará" considerada aisladamente, conlleva la idea de un deber imperativo; pero si la consideramos conjuntamente con el resto de la ley, donde, como hemos visto, se confiere a la Junta de Síndicos la más amplia discreción para invertir el mismo fondo en la forma que a su juicio más convenga a los intereses educativos de la Universidad, inmediatamente advertiremos que de interpretar el *disponiéndose* en la forma propuesta por el apelante, incurriríamos en el absurdo de sostener que el legislador, por medio de dicho *disponiéndose,* dejó sin efecto el resto de la ley. En otras palabras, que con la mano izquierda destruyó lo que acababa de hacer con la derecha.

El *disponiéndose* de una ley tiene por objeto intercalar una excepción a la misma, limitarla, y a veces extender su alcance a casos que de otro modo no estarían comprendidos en ella; pero nunca puede tener el efecto de destruirla o abolirla por la sencilla razón de que debemos presumir que el legislador no ha de legislar para inmediatamente y en la misma ley dejar sin efecto lo que acaba de hacer. Por estas razones y por la no menos importante de orden histórico cual es que desde que se estableció la Universidad de Puerto Rico en 1903 hasta la fecha la Legislatura consistentemente ha venido concediendo a la Junta de Síndicos los más amplios poderes en lo que respecta al gobierno y desarrollo de la Universidad, es que sostenemos que el verbo "organizará" usado en el *disponiéndose,* sólo expresa acción futura y no un deber imperativo cuyo cumplimiento pueda exigirse por medio de mandamus. Creyendo como cree la Junta de Síndicos que la creación de esa facultad en los actuales momentos es contraria a los intereses de la Universidad, ¿no actuaríamos en contra del sentir legislativo respecto a los deberes de la junta consistentemente expresados—primero en la ley de 1903 (Comp. 1911, pág. 96), luego en la núm. 67 de 1923 (pág. 429), más tarde en la núm. 50 aprobada el 21 de julio de 1925 (pág. 283) actualmente en vigor, y por último en la

núm. 254 de 1938 -que ahora nos ocupa—si sustituyésemos nuestro criterio por el de la junta y la obligásemos a organizar la indicada facultad de ciencias industriales?

No imponiendo la ley núm. 254 de 1938 un deber ministerial de organizar una facultad de ciencias industriales, actuó correctamente la corte inferior al desestimar la demanda y anular el auto expedido, por lo que *procede la confirmación de la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.