*In re* EDUARDO CASTRO MARTÍNEZ, apelado, y RAMÓN TORRES BRASCHI, Administrador Interino, y SISTEMA DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO INSULAR DE PUERTO RICO Y SUS INSTRUMENTALIDADES, apelantes.

Núm. 10662.—*Sometido:* Junio 6, 1952. *Resuelto:* Junio 18, 1952.

*Hon. Procurador General Víctor Gutiérrez Franqui y A. Torres Braschi, Procurador General Auxiliar,* abogados del apelante; *F. Fernández Cuyar,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

La cuestión a determinarse en este pleito es si un empleado del gobierno insular que decide acogerse al retiro después de cumplir treinta años de servicio, independientemente de su edad, tiene derecho a percibir el importe completo de su anualidad por retiro, o si está sujeto a la rebaja actuarial provista en el párrafo 6 del artículo 6 de la Ley núm. 447, Leyes de Puerto Rico, 1951 (pág. 1299).

Las partes iniciaron este caso ante el tribunal de distrito radicando una estipulación de hechos a tenor con la Regla 7(*d*) de las de Enjuiciamiento Civil. Eduardo Castro Martínez ha sido empleado del gobierno insular ininterrumpidamente desde el 16 de julio de 1919 hasta la fecha. Tiene actualmente 53 años de edad. Siempre ha cotizado a los distintos fondos de retiro establecidos por ley y nunca ha recibido el reembolso de sus aportaciones acumuladas. Se propone acogerse al retiro pero cuestiona la contención del Administrador del Sistema de Retiro al efecto de que con motivo de no haber llegado a los 58 años de edad, su anualidad por retiro estaría sujeta a una rebaja actuarial

de conformidad con el párrafo 6. La estipulación dice que la controversia afecta un considerable número de empleados del gobierno insular que están en situación similar a Castro. Oídas las partes, el tribunal de distrito dictó sentencia sosteniendo la contención de Castro. El Administrador y el Sistema de Retiro han apelado de dicha sentencia.

La Ley núm. 447 de 1951, que establece un sistema de retiro para los empleados insulares, es un estatuto cuidadosamente redactado y muy abarcador. La misma fué aprobada como resultado de un minucioso estudio de los diversos sistemas públicos de retiro existentes, practicado por el Servicio de Administración Pública. Véase la Ley núm. 102, Leyes de Puerto Rico, 1945 (pág. 361). Con muy pocos cambios, la Ley núm. 447 sigue las recomendaciones hechas por dicho Servicio. Ella modifica drásticamente los anteriores fondos de retiro que reemplazó, empezando el 1ro. de enero de 1952, a tenor con su artículo 2.

De acuerdo con el sistema de retiro de la Ley núm. 23, Leyes de Puerto Rico, 1935 ((2) pág. 127), sesión extraordinaria, que fué reemplazado por la Ley núm. 447, Castro hubiera tenido derecho a acogerse al retiro a los treinta años de servicio, independientemente de su edad. Cuando el proyecto que pasó a ser la Ley núm. 447 fué presentado originalmente en el Senado como el P. del S. 532, no tenía tal disposición. Por el contrario, el párrafo 2 del artículo 6, según fué presentado y aprobado finalmente, dice así: "El retiro será opcional para todo miembro del Sistema en servicio activo, a partir de la fecha en que cumpla cincuenta y cinco (55) años de edad y hubiere completado por lo menos veinticinco (25) años de servicios acreditables; y para todo miembro del Sistema que habiendo cumplido la edad de cincuenta y ocho (58) años hubiera completado, por lo menos, diez (10) años de servicios acreditables."

El proyecto original contenía la disposición que pasó a ser el párrafo 6 del artículo 6 de la Ley y que prescribe así: "Con excepción de los miembros del cuerpo de la policía

y del cuerpo de bomberos, los participantes que, sin haber cumplido todavía la edad de cincuenta y ocho (58) años, solicitaren y les fuere concedida una anualidad; la anualidad por retiro será computada según se indica arriba; salvo que se reducirá a una suma que, para la edad del referido participante en la fecha de su retiro, represente el equivalente actuarial de una pensión pagadera al cumplir el participante los cincuenta y ocho (58) años de edad." Este párrafo fué un reconocimiento del obvio principio actuarial al efecto de que mientras más joven es un empleado cuando se retira, mayor es el tiempo que le queda de vida. En virtud de este principio, el proyecto tuvo por miras reducir las anualidades de aquéllos que se retiraren mientras tuvieren menos de 58 años de edad; v. g., aquellos empleados que bajo el párrafo 2 eligieren retirarse entre los 55 y los 58 años de edad, luego de tener 25 años de servicio.

Después de presentado el P. del S. 532, se le hizo una enmienda que fué aprobada como parte de la Ley núm. 447. Dicha enmienda pasó a ser el tercer párrafo del artículo 6 que prescribe así: *"Disponiéndose* que hasta el año 1955, el retiro será opcional para todo miembro del sistema en servicio activo, que hubiere completado treinta (30) años de servicios acreditables *sin tener en cuenta el requisito de edad."* (Bastardillas nuestras.) Así, pues, mientras el P. del S. 532 seguía su trámite en la Legislatura, se adicionó a las dos categorías anteriores de empleados elegibles al retiro bajo el párrafo 2 del artículo 6 de dicho proyecto (55 años de edad—25 años de servicio; 58 años de edad—10 años de servicio), una tercera categoría: 30 años de servicio independientemente de la edad.

Sin embargo, el párrafo 6 del P. del S. 532 no fué enmendado a pesar de la inclusión del párrafo 3. Por consiguiente, la cuestión a determinarse aquí es si al no tocar el párrafo 6, no empece la inclusión de la subsiguientemente propuesta tercera categoría, fué la intención de la Legislatura que la rebaja actuarial contemplada por el párrafo 6 se aplicara a

los empleados de la nueva tercera categoría así como también a aquéllos de la segunda categoría, a quienes originalmente iba dirigida; v. g., los empleados entre 55 y 58 años de edad con 25 años de servicio.

No puede dudarse que de su faz el párrafo 6 se aplica a *todos* los empleados que se retiren antes de cumplir 58 años. El hecho de que no hubiera un tercer párrafo en el artículo 6 del P. del S. 532, según éste se redactó originalmente, y de que por ende el párrafo 6 en su forma original sólo pudiera aplicarse a aquéllos de la categoría de 55 años de edad—25 años de servicio, no altera este resultado. En ausencia de una modificación del lenguaje del párrafo 6 que exima de sus términos el nuevo tercer párrafo, no podemos injertar dicha exención en el párrafo 6. Al así hacerlo estaríamos invadiendo las funciones de la Legislatura. *Comunidad Fajardo* v. *Tribunal de Contribuciones*, ante, pág. 543.

No podemos convenir en que el lenguaje del párrafo 3, por sí solo, demuestra la intención legislativa de que los empleados que se acogen al retiro a los treinta años de servicio, no importa la edad que tengan, no solamente serían elegibles a la anualidad, si que no estarían sujetos a la rebaja actuarial. Se nos ha informado que esta rebaja ha sido fijada administrativamente aproximadamente en un 6 por ciento por cada año que le falte al empleado para cumplir sus 58 de edad. Para Castro, que tiene ahora 53, esto significaría una rebaja del 30 por ciento de su anualidad por retiro. Y para otros empleados que quisieran acogerse al retiro a los 30 años de servicio con una edad aun menor, la rebaja sería un por ciento mayor. Pero subsiste el hecho de que la Legislatura insertó el párrafo 3 del artículo 6 en el sitio donde establecía la elegibilidad para una anualidad por retiro. Al usar en el párrafo 3 la frase "sin tener en cuenta el requisito de edad" en este contexto, claramente sólo quiso proveer que aquéllos con 30 años de servicio serían elegibles para recibir una anualidad. Los sitios en que la Legislatura habló sobre el monto de las anualidades son los

párrafos 5, 6 y 7 del artículo 6. (¹)  Por consiguiente, al no modificar el párrafo 6, luego de enmendar el P. del S. 532 adicionándole el párrafo 3 al artículo 6, la Legislatura permitió que las disposiciones del párrafo 6 permanecieran en toda su fuerza y vigor.  El párrafo 6 por tanto inevitablemente se aplica a Castro y el importe de su anualidad estaría sujeto a la rebaja actuarial de conformidad con el párrafo 6.

Nuestra decisión encuentra apoyo en el hecho de que el párrafo 5 dispone que "Dicha anualidad será pagadera en su totalidad a todo participante que se retire a la edad de cincuenta y ocho (58) o más años, y a todo miembro del cuerpo de la policía o del cuerpo de bomberos que se retire a la edad de cincuenta y cinco (55) o más años."  Nuevamente aquí un párrafo que habla del importe de la anualidad, clara y enfáticamente dice que con excepción de los policías y los bomberos las anualidades *serán pagaderas en su totalidad solamente a los empleados que se retiren a los 58 o más de edad.* No es posible hacer caso omiso de este claro mandato de la Legislatura que hallamos tanto en el párrafo 5 como en el 6.

El argumento de Castro, en el cual concurre el tribunal de distrito, es en sustancia como sigue: El derecho concedido por la Ley núm. 447 no es el derecho a retirarse.  Toda persona tiene un derecho constitucional a acogerse al retiro —es decir, a retirarse del trabajo.  El derecho aquí envuelto es más bien el derecho a recibir una anualidad por retiro. La Legislatura quiso retener hasta 1955 el derecho anterior de los empleados bajo la Ley núm. 23 de 1935 a retirarse con una anualidad a los 30 años de servicio, independiente-

---

(¹) El párrafo 5 dispone la forma de computar la anualidad cuando ésta se paga en su totalidad.  Dice que el importe de la anualidad será 1½ por ciento de la retribución promedio, multiplicado por el número de años de servicios acreditables.  El párrafo 7 limita la anualidad al 60 por ciento de la retribución promedio.  El término "retribución promedio" se define en el artículo 3 como "la retribución promedio anual, incluyendo sostenimiento, de un participante del Sistema durante los cinco años de servicios acreditables que inmediatamente antecedan a la fecha del retiro del participante."

mente de la edad. El *Disponiéndose* comprendido en el párrafo 3 del artículo 6 deja en pie este derecho. Y éste existe sin sujeción a la rebaja actuarial establecida en el párrafo 6. Este párrafo es de aplicación cuando se conceden anualidades a base de años de servicio y edad. La rebaja provista en el párrafo 6 se basa exclusivamente en edad; aquí el empleado se propone acogerse al retiro independientemente de su edad, según lo permite el párrafo 3; por consiguiente no es de aplicación la rebaja.

Convenimos en que el derecho conferido por la Ley no es un derecho a retirarse, sino más bien un derecho a retirarse con una anualidad. Pero el hecho cierto es que, como hemos visto, la Legislatura dividió el problema en dos partes separadas: (1) aquéllos elegibles al retiro con paga (párrs. 2 y 3 del artículo 6); (2) las sumas a ser pagadas a dichos elegibles (párrs. 5, 6 y 7 del artículo 6). No podemos ver cómo podemos pasar sobre el lenguaje de la Legislatura resolviendo que al definir en el párrafo 3 aquellos empleados elegibles para recibir una anualidad por retiro, la Legislatura tuvo por miras que el párrafo 6 no les fuera aplicable, no empece el hecho de que fuera de los bomberos y los policías, el párrafo 6 no contiene ninguna excepción. Esto no es, como sostiene Castro, poner demasiado énfasis en el sitio donde aparecen los párrafos 3 y 6 en la Ley núm. 447. Al leerlos conjuntamente, no encontramos justificación alguna para resolver que el párrafo 6 no se aplica a los empleados elegibles a una anualidad por retiro a tenor con el párrafo 3.

Bajo las circunstancias de este caso, no es significativo el hecho de que el tercer párrafo empiece con la palabra *Disponiéndose*. Su texto y posición demuestran claramente que era simplemente una categoría adicional de personas elegibles a acogerse al retiro. Los casos citados por el tribunal de distrito a este respecto—*Vázquez* v. *Junta de Síndicos*, 59 D.P.R. 145; *National Liquor Co., Inc.* v. *Sancho Bonet, Tes.*, 49 D.P.R. 582—en consecuencia no son de aplicación.

■■ Convenimos con Castro y con el tribunal de dis-

trito en que uno de los fines de la Ley núm. 447 es proteger a los empleados luego de ocupar un puesto público durante largos años. Pero en el pasado jubilaciones prematuras afectaron sustancialmente la economía de los fondos de pensiones anteriores. *El Retiro de los Empleados del Gobierno Insular de Puerto Rico, Public Administration Service*, pág. 39. Las leyes de pensiones deben interpretarse liberalmente a fin de que se cumpla el propósito de la Legislatura. *Acuña* v. *Junta de Retiro*, 58 D.P.R. 94, 100. Pero la Legislatura en el párrafo 6 muy bien pudo tener por miras proveer las rebajas actuariales para *todos* los que se retiren con menos de 58 años de edad, con el fin de asegurar la estabilidad económica del Sistema de Retiro.

Quizás la Legislatura, teniendo en cuenta el principio actuarial que inspiró el párrafo 6, quiso que dicho párrafo se aplicase a Castro y a los otros que están en la misma situación, con el fin de evitar el pago de anualidades comparativamente grandes a un número de personas relativamente jóvenes. Por otro lado, quizás la Legislatura creyó que no era sino justo, durante el período limitado que falta para llegar al 1955, permitir a los empleados con 30 años de servicio que tuvieran derecho a acogerse al retiro, independientemente de la edad bajo la Ley núm. 23 de 1935, retirarse con anualidades no sujetas a rebajas actuariales. Especular sobre esta cuestión está fuera de nuestra incumbencia. La Legislatura empleó lenguaje inequívoco en el párrafo 6. Debe modificar dicho lenguaje si, después de ulterior consideración, concluye que en realidad desea eximir a Castro y a las otras personas en la misma situación que él, de las disposiciones del párrafo 6. *Comunidad Fajardo* v. *Tribunal de Contribuciones*, supra.

*La sentencia del tribunal de distrito será revocada y se dictará nueva sentencia disponiendo que la anualidad por retiro a que Castro tiene derecho, de retirarse en este momento, estará sujeta a la rebaja actuarial provista en el párrafo 6 del artículo 6 de la Ley núm. 447 de 1951.*

Opinión disidente emitida por el Juez Presidente Señor Todd, Jr.

Disiento. Considero que el *ratio decidendi* de la opinión del Tribunal es al efecto de que por el hecho de que el *Disponiéndose* contenido en el párrafo tercero del artículo 6 de la Ley núm. 447 de 15 de mayo de 1951 no se incluyó de nuevo, en forma de enmienda, al párrafo sexto del artículo 6, estamos obligados a resolver que fué la intención legislativa, a pesar de haber dispuesto que aquellos empleados que hubieran completado treinta años de servicio, *sin tener en cuenta el requisito de edad,* pueden recibir la anualidad por retiro que provee el párrafo quinto del artículo 6, hacer aplicables a ellos las rebajas actuariales que fija el párrafo sexto del mencionado artículo, las cuales se basan precisamente en la edad del empleado cuando se retira. Creo que esta interpretación restringida de la intención legislativa es errónea.

Es de notarse que todo el artículo 6 de la Ley, antes de incluirse, por enmienda, el *Disponiéndose* que ahora tiene, estaba predicado bajo la teoría de una anualidad por retiro a base de haber el empleado (1) cumplido cierta edad determinada, y (2) prestado determinado número de años de servicio. Así el primer párrafo del artículo 6, que es de carácter general y expone claramente la intención del legislador, dispone lo siguiente:

"Al separarse del servicio *al cumplir, o después de cumplir, las edades y haber completado el período de servicio que más adelante se indican,* todos los participantes que no hubieren recibido el reembolso de sus aportaciones acumuladas tendrán derecho a percibir una anualidad por retiro. Dicha anualidad comenzará en la fecha que el participante especifique en la solicitud de retiro, pero en ningún caso antes de su separación del servicio." (Bastardillas nuestras.)

El segundo párrafo, cónsono con el primero, dispone el retiro opcional para los empleados que hayan cumplido 55 años de edad y prestado servicio por lo menos 25 años y para los de 58 años de edad y 10 años de servicio. El cuarto

párrafo provee para la anualidad por retiro diferido para el empleado que no hubiera cumplido 58 años de edad y que hubiera terminado por lo menos 10 y menos de 25 años de servicio. El párrafo quinto dispone cómo habrá de calcularse la anualidad y su importe.

Y llegamos al párrafo sexto que dispone, exceptuando a los policías y bomberos (a quienes también se da un trato distinto en el párrafo anterior) que los empleados que, no habiendo cumplido 58 años de edad, es decir, aquéllos que habiendo cumplido 55 años de edad y prestado servicio durante 25 años según provee el párrafo segundo, se retiren, "la anualidad por retiro será computada según se indica arriba; salvo que se reducirá a una suma que, *para la edad* del referido participante en la fecha de su retiro, represente el equivalente actuarial de una pensión pagadera al cumplir el participante los *cincuenta y ocho (58) años de edad."* (Bastardillas nuestras.)

¿Qué efecto tuvo entonces la inserción del *Disponiéndose* que provee que "hasta el año 1955, el retiro será opcional para todo miembro del sistema en servicio activo, que hubiere completado treinta (30) años de servicios acreditables *sin tener en cuenta el requisito de edad"* (bastardillas nuestras), sino el reconocimiento por la Legislatura de que a los empleados que hayan cumplido treinta años de servicio se les concederá una anualidad "sin tener en cuenta el requisito de edad"? Si ese requisito no debe tenerse en cuenta, ¿por qué ha de aplicarse a ellos todos los requisitos de edad que especifica el párrafo sexto al computarse sus anualidades? Como bien dice la corte inferior: " . . . estaríamos violentando abiertamente el estatuto si concluyéremos que donde el legislador ordenó que no se tuviese en cuenta el requisito de edad, en efecto lo tuviésemos en cuenta para definir el más importante o quizás el único derecho que confiere la ley, o sea, el derecho a la anualidad."

El hecho de que la Legislatura no enmendase el párrafo sexto del artículo 6 después de haber incluído, por enmienda

a dicho artículo, el *Disponiéndose* y haberlo colocado en el sitio en que lo hizo, no debe servir de base para derrotar la intención que tuvo de conceder al apelado y a los demás empleados en su misma situación el derecho de percibir la anualidad que les corresponde por haber prestado servicio durante 30 años, sin sujeción a las rebajas actuariales que son aplicables únicamente a base de la edad del empleado.

Debería confirmarse la sentencia.