VÍCTOR SÁNCHEZ NIEVES, demandante y recurrente, *v.* ADMINISTRACIÓN DE LOS SISTEMAS DE RETIRO DE LOS EMPLEADOS DEL GOBIERNO Y LA JUDICATURA, demandados y recurridos.

*Número:* O-85-115  *Resuelto:* 24 de abril de 1985

*Ana L. Blanch,* abogada del recurrente; *Américo Serra, Procurador General Interino, Iván F. Fuster, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

▇ Un empleado del Gobierno de Puerto Rico sufrió un accidente en 1977 que le causó una leve incapacidad. Dicha incapacidad fue agravada por un segundo accidente en 1978, y como consecuencia el empleado desarrolló una condición emocional que finalmente le incapacitó para continuar en el servicio público. Resolvemos que la anualidad por retiro a que tiene derecho debe computarse a base de su retribución para

la fecha en que dicha incapacidad obliga a su retiro y no a base del sueldo que devengaba cuando sufrió el accidente de 1977, no empece que entonces se inició la cadena de causalidad de su incapacidad inhabilitante para el servicio. Lo resuelto en contrario en *Miró v. Sistema de Retiro de Empleados*, 112 D.P.R. 678 (1982), debe considerarse revocado.

## I

El aquí peticionario Víctor Sánchez Nieves sufrió un accidente del trabajo el 29 de mayo de 1977, en que se lastimó la cabeza, mientras se desempeñaba como miembro de la Policía de Puerto Rico. El Fondo del Seguro del Estado le reconoció una incapacidad orgánica de un cinco (5) por ciento de sus funciones fisiológicas generales, relacionada con dicho accidente, con derecho a compensación. Posteriormente, por decisión del Administrador del Fondo de fecha 11 de julio de 1979 se determinó que el peticionario había desarrollado una condición de neurosis depresiva con rasgos de ansiedad, consecuencia del mencionado accidente laboral. De otra parte, el 1ro de abril de 1978 el peticionario había sufrido un segundo accidente laboral. Mediante decisión de 10 de abril de 1980 el Administrador del Fondo del Seguro del Estado determinó una incapacidad equivalente al veinte (20) por ciento de las funciones fisiológicas generales del peticionario originada como consecuencia del primer accidente y agravada por el segundo.

El peticionario, no obstante el accidente del 1977 y su resultante incapacidad, y no obstante su segundo accidente en 1978, fue devuelto a su trabajo luego de cada evaluación y alta de tratamiento y continuó prestando los servicios inherentes a su cargo. El 14 de abril de 1980 solicitó acogerse a los beneficios de retiro bajo la Ley Núm. 447 de 15 de mayo de 1951 (3 L.P.R.A. sec. 761 y ss.). Así se dispuso y se le notificó mediante carta de 24 de marzo de 1981 suscrita por el Administrador de los Sistemas de Retiro de los Empleados

del Gobierno. El retiro se hizo efectivo el 16 de junio de 1980 con derecho a pensión a computarse a base del salario que devengaba el 29 de mayo de 1977, fecha del primer accidente.

No estando conforme, el peticionario apeló a la Junta de Síndicos del Sistema de Retiro. Su reclamo de que la pensión debía computarse a base del salario que devengaba en la fecha efectiva de su retiro —16 de junio de 1980— no prosperó ante dicha Junta. Igual resultado tuvo su recurso de revisión instado ante el Tribunal Superior, Sala de San Juan, que mediante sentencia de 21 de enero de 1985, tomando como base lo resuelto en *Miró* v. *Sistema de Retiro de Empleados,* supra, denegó su petición. Ha recurrido ante nos vía solicitud de *certiorari.* Revisamos luego de obtener la comparecencia de la parte recurrida en obediencia a la resolución en que le requerimos mostrar causa por la cual no debamos expedir el auto solicitado y revocar la sentencia recurrida.

## II

El énfasis de la parte recurrida descansa en nuestra decisión en *Miró* v. *Sistema de Retiro de Empleados,* antes citado. El Tribunal recurrido resolvió descansando igualmente en dicha decisión. (¹) Procede que revisemos lo allí decidido.

La Ley de Retiro del Personal del Gobierno dispone como sigue en su Art. 9 (3 L.P.R.A. sec. 769) según ha sido enmendado:

Todo participante que como resultado de una incapacidad que se origine por causa del empleo y surja en el curso

---

(¹) El juez sentenciador del Tribunal a quo actuó correctamente al acatar nuestra decisión en *Miró* v. *Sistema de Retiro de Empleados,* 112 D.P.R. 678 (1982), no empece su criterio en contrario expresado en su sentencia que fuera objeto de nuestra decisión en dicho caso. Dicha decisión se produjo no por opinión y sí por sentencia de este Tribunal, pero no obstante el pronunciamiento de *Figueroa Méndez* v. *Tribunal Superior,* 101 D.P.R. 859, 862 (1974), es citable por haber sido publicada, ya que fue una decisión dividida en que dos jueces disintieron mediante opinión.

del mismo, *quedare incapacitado para el servicio,* tendrá derecho a recibir una anualidad por incapacidad ocupacional, siempre que: (a) de uno o más médicos, según se dispone en la sec. 771 de este título, se recibiere prueba adecuada en cuanto a la incapacidad mental o física del participante; (b) el participante o el patrono, de acuerdo con los reglamentos de la Junta, notifique al Administrador con respecto a dicha incapacidad, y (c) la incapacidad fuere indemnizable de acuerdo con las disposiciones de la Ley de Compensaciones por Accidentes del Trabajo, Capítulo 1 del Título 11.

El importe de la anualidad será igual al cincuenta (50) por ciento del tipo de retribución que se hubiere percibido *en la fecha en que ocurriere la mencionada inhabilidad.* (Énfasis suplido.)

▪ Es un hecho no controvertido que el peticionario Víctor Sánchez Nieves ha quedado "incapacitado para el servicio". Al así decir no podemos pensar en una leve incapacidad que si bien constituye alguna limitación funcional de la persona, no le inhabilita para seguir sirviendo eficientemente al Pueblo de Puerto Rico. La incapacidad que obligue al retiro del empleado con derecho a la anualidad que autoriza este artículo debe ser de tal naturaleza que le inhabilite para desempeñar las funciones de su empleo y de cualquier otro empleo remunerativo. Opinión Núm. 1961–12 en Opiniones Srio. Justicia P.R. 45 (1961). Véanse *Rodríguez Ortiz* v. *Comisión Industrial,* 90 D.P.R. 764, 772 (1964), y *Arzola Maldonado* v. *Comisión Industrial,* 92 D.P.R. 549, 552 (1965).

El transcrito Art. 9 dispone que el importe de la anualidad habrá de computarse a base de la retribución que el empleado hubiere percibido "en la fecha en que ocurriere la mencionada inhabilidad". En la sentencia de este Tribunal en el caso de *Miró* v. *Sistema de Retiro de Empleados,* supra, pág. 680, se concluyó que la inhabilidad ocurrió en la fecha del accidente laboral, "que aun cuando leve es germen y fuente única de la condición emocional que finalmente determinó la incapacidad ocupacional". Se razonó que por la en-

mienda hecha en 1954([2]) al mencionado Art. 9 se sustituyó la frase "en la fecha de *declararse* la mencionada inhabilidad", como así decía, por la frase "en la fecha *en que ocurriere* la mencionada inhabilidad", que es como dice actualmente. Tal interpretación no puede prevalecer.

La intención del Legislador no fue retrotraer la efectividad de la pensión a la fecha del accidente, pues no puede decirse que en esa fecha necesariamente queda incapacitado para el servicio público el empleado accidentado. Al recomendar la enmienda se expresó en el Informe de la Comisión de Elecciones y Personal de la Cámara sobre el P. del S. 399: "Con esta enmienda no habrá dudas de que el beneficio por incapacidad a que tendrá derecho un participante se basará en el tipo de retribución percibido en la fecha en que *efectivamente* ocurrió la incapacidad." (Énfasis suplido.) 4 Diario de Sesiones de la Asamblea Legislativa 1128–1129 (1954).

Antes de la enmienda había duda sobre si el pago debía ser efectivo desde que se declara la existencia de la incapacidad o desde que efectivamente existe. Si fuere lo primero, la duración del trámite para declarar la existencia de una incapacidad podría ser detrimental para la economía del Sistema. La incapacidad inhabilitante para el servicio no surge cuando ella es declarada. Necesariamente existe desde alguna fecha anterior a aquella en que se reconoce y se determina.

El aquí peticionario sufrió un accidente el 29 de mayo de 1977 que le causó una incapacidad mínima de un cinco (5) por ciento de sus funciones. No puede decirse en buena hermenéutica que en aquella fecha "ocurrió" la incapacidad que le inhabilitó para el servicio y que desde entonces pudo acogerse él a una pensión bajo la Ley Núm. 447, con derecho al cincuenta (50) por ciento de su sueldo de entonces.

En 1977 ocurrió un accidente que sembró en el peticionario el germen de una incapacidad que finalmente le inha-

---

([2]) Ley Núm. 73 de 19 de junio de 1954.

bilitó para continuar en el servicio público. Es la fecha en que se manifestó esa incapacidad inhabilitante la que determina cuándo es que *ocurre* la incapacidad. En este caso dicha fecha fue determinada por el Administrador del Sistema como el 16 de junio de 1980, fecha en que se hizo efectivo su retiro. Es a base de la retribución que el peticionario estaba recibiendo para esa fecha que debe computarse la anualidad por retiro.

■ Lo aquí resuelto es cónsono con el principio harto conocido que disposiciones estatutarias de propósitos remediales, como lo es la Ley Núm. 447 de 1951, deben interpretarse liberalmente. *Acuña* v. *Junta de Retiro*, 58 D.P.R. 94, 100 (1941) y autoridades allí citadas; *In re Castro y Torres Braschi*, 73 D.P.R. 564, 571 (1952). El derecho a pensión bajo la citada ley no es una donación. Como señaláramos en *Román Mayol* v. *Tribunal Superior*, 101 D.P.R. 807, 811 (1973), es "una retribución final y bien ganada por el empleado público que honrando una vocación de servicio, que en muchas ocasiones conlleva sacrificio y renuncia de bienes materiales, dedica los años fructíferos de su vida al bien común". Es, no un acto de recompensa, sino "una obligación moral del estado". *Rivera* v. *Rodríguez*, 93 D.P.R. 21, 24 (1966).

*Se expedirá el auto de certiorari solicitado, se revocará la sentencia recurrida, así como la resolución de la Junta de Síndicos y la decisión del Administrador de los Sistemas de Retiro de los Empleados del Gobierno, y se dispondrá que se compute la anualidad a pagarse al peticionario a base de la retribución que recibía para el 16 de junio de 1980, fecha de efectividad de su retiro.*

El Juez Presidente Señor Trías Monge concurre en el resultado sin opinión.