SENTENCIA
Con este recurso se nos solicita revisar un dictamen del Tribunal de Apelaciones mediante el cual se confirmó la Resolución de la Junta de Síndicos de la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (Junta de Síndicos). Mediante dicha resolución, el foro apelativo intermedio confirmó la denegatoria de la Junta de Síndicos a conceder los beneficios de incapacidad ocupacional a la Sra. Rosa López Echevarría (señora López Echevarría). Por los fundamentos que expondremos a continuación, confirmamos.
I
La señora López Echevarría, de 59 años, trabajó como ayudante de cocina para el Departamento de Educación del Gobierno de Puerto Rico. El 20 de agosto de 1996 sufrió *750 un accidente de trabajo, a consecuencia del cual advirtió molestias en la pierna derecha, en los codos y en la cintura. La Corporación del Fondo de Seguro del Estado (Fondo) le diagnosticó la condición de “right and left, epicondiliti right and left tenosinovitis; sprain lumbar; right knee sprain; s/p right and left”. El Fondo le reconoció una incapacidad de un veinticinco por ciento F.F., diez por ciento por “pérdida mano derecha por la muñeca”, quince por ciento por “pérdida de mano por la muñeca” y cinco por ciento F.F. “sprain lumbar”. Apéndice, Petición de certiorari, pág. 49.
Fundamentada en la Ley Núm. 447 de 15 de mayo de 1951, según enmendada, 3 L.P.R.A. see. 761 et seq., la señora López Echevarría presentó una solicitud de pensión por incapacidad ocupacional y no ocupacional ante la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (Administración). La Administración denegó dicha solicitud porque la condición de la señora López Echevarría no cumplía con los requisitos establecidos para la concesión de los beneficios de una pensión. La señora López Echevarría solicitó la reconsideración de la denegatoria de la solicitud por incapacidad ocupacional, la cual fue denegada.
La peticionaria presentó un escrito de apelación ante la Junta de Síndicos. Celebrada la vista administrativa en su fondo, la Junta de Síndicos emitió una resolución para ratificar la determinación de la Administración. La peticionaria solicitó su reconsideración, la cual se entendió denegada de plano por inacción.
La señora López Echevarría recurrió ante el Tribunal de Apelaciones. Dicho foro confirmó el dictamen administrativo por entender que la Junta de Síndicos fundamentó su decisión en la totalidad de la prueba obrante en autos y que la señora López Echevarría no puso al tribunal en condiciones de sustituir la apreciación de la Junta de Síndicos. *751 Finalmente concedió deferencia administrativa a la agencia.
Inconforme, la señora López Echevarría acude ante nos. Arguye que incidió el Tribunal de Apelaciones al sostener la determinación de no incapacidad hecha por la Junta de Síndicos, porque ésta no se conforma a la evidencia que obra en el expediente. Señala, además, que erró el Tribunal de Apelaciones al sostener la interpretación que hace la Junta de Síndicos de la ley y del reglamento del sistema de retiro.
Vista la petición, acordamos expedir y resolvemos.
II
Nos corresponde determinar si actuó correctamente el foro apelativo intermedio al confirmar la determinación de la Junta de Síndicos que denegó la pensión por incapacidad solicitada. La controversia se circunscribe al alcance de la revisión judicial respecto a las decisiones administrativas.
La función principal de la revisión judicial de las determinaciones de las agencias con poderes adjudicativos es asegurarse que las agencias actúen dentro del marco de la facultad delegada por la Asamblea Legislativa y que cum-plan con los preceptos constitucionales. Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R., 144 D.P.R. 425 (1997).
Los tribunales apelativos han de conceder una gran consideración y deferencia a las decisiones administrativas en vista de la experiencia y el conocimiento especializado de las agencias. La función revisora de los tribunales está limitada a determinar si la agencia actuó arbitraria, ilegal o tan irrazonablemente que su actuación constituyó un abuso de discreción. Misión Ind. P.R. v. J.P. y A.A.A., 142 D.P.R. 656 (1997); T-JAC, Inc. v. Caguas Centrum Limited, 148 D.P.R. 70 (1999).
*752 Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal si se fundamentan en evidencia sustancial que obra en el expediente administrativo. El tribunal revisará las conclusiones de derecho en todos sus aspectos. See. 4.5 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. see. 2175.
La norma de la evidencia sustancial, aplicable a las determinaciones de hecho de una agencia administrativa, persigue evitar la sustitución del criterio del organismo administrativo en materia especializada por el criterio del tribunal revisor. Reyes Salcedo v. Policía P.R., 143 D.P.R. 85 (1997). La evidencia sustancial es aquella evidencia que una mente razonable puede aceptar como adecuada para sostener una conclusión. Misión Ind. P.R. v. J.P., 146 D.P.R. 64 (1998); Hilton Hotels v. Junta Salario Mínimo, 74 D.P.R. 670 (1953). Dicha norma nos impone la obligación de examinar la totalidad de la prueba sometida a la agencia según consta en el expediente administrativo sometido a nuestra consideración. Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R., supra.
Las decisiones de los organismos administrativos merecen la mayor deferencia judicial. Esa deferencia se debe a que las agencias cuentan con el conocimiento experto y con la experiencia especializada de los asuntos que les son encomendados. Pacheco v. Estancias, 160 D.P.R. 409 (2003); González Santiago v. F.S.E., 118 D.P.R. 11 (1986).
Por lo tanto, la intervención del tribunal se limita a evaluar si la decisión de la agencia es razonable, no si hizo una determinación correcta de los hechos ante su consideración. Si existe más de una interpretación razonable de los hechos, los tribunales deberán sostener la decisión de la agencia y no sustituirán su criterio. Asoc. Vec. H. San Jorge v. U. Med. Corp., 150 D.P.R. 70 (2000). El tribunal podrá sustituir el criterio de la agencia por el propio *753 sólo cuando no pueda hallar una base racional para explicar la decisión administrativa. Misión Ind. P.R. v. J.P., supra.
Las determinaciones de hechos de organismos y agencias “tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas”. Henríquez v. Consejo Educación Superior, 120 D.P.R. 194, 210 (1987). Para convencer al tribunal que la evidencia en la que se fundamentó el organismo para formular las determinaciones de hecho no era sustancial, la parte afectada debe demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada y que permita concluir que la determinación de la agencia no fue razonable de acuerdo con la totalidad de la prueba sometida. Misión Ind. P.R. v. J.P., supra.
La norma de otorgar gran deferencia y respeto a las interpretaciones de organismos administrativos especializados cobra más importancia cuando se revisan las determinaciones de aquellos organismos que tienen a cargo la reglamentación de complejos procesos técnicos, sociales o económicos. Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R., supra; South P.R. Sugar Co. v. Junta, 82 D.P.R. 847 (1961).
Por otro lado, la Ley Núm. 447, supra, determina un sistema de retiro y beneficios para los empleados del Gobierno de Puerto Rico. En relación con la incapacidad ocupacional, establece que el empleado que queda incapacitado para el servicio, como resultado de una incapacidad por causa del empleo o en el curso de éste, tendrá derecho a recibir una anualidad siempre que, entre otros requisitos, se recibiera suficiente evidencia médica que pruebe su incapacidad conforme a los criterios que el Administrador fije mediante reglamento. Art. 9 (3 L.P.R.A. sec. 769).
Para una anualidad por incapacidad ocupacional o no ocupacional, se considerará incapacitado a un participante *754 cuando su incapacidad sea sustentada con suficiente prueba médica, conforme a los criterios fijados por el Administrador mediante reglamento y cuando dicha prueba revele que el participante está imposibilitado para cumplir los deberes de cualquier cargo que en el servicio del patrono se le hubiera asignado. Art. 11 (3 L.P.R.A. see. 771).
La Regla 24.4 del Reglamento General para la Concesión de Pensiones, Beneficios y Derechos, Reglamento Núm. 4930, aprobado por la Administración de los Sistemas de Retiro y que entró en vigor el 25 de junio de 1993 (Reglamento), establece que:
Si de la evidencia médica que consta en el expediente y conforme al listado de criterios médicos (“Adult Listings”) establecidos para determinar incapacidad y del análisis que realicen los técnicos en determinación de incapacidad designados por el Administrador, no se pudiese determinar con certeza la incapacidad, se le podrá requerir al participante que se someta a aquellos exámenes médicos adicionales que se entiendan necesarios para adjudicar en sus méritos la petición por beneficios de incapacidad. Los exámenes médicos adicionales serán realizados por médicos seleccionados por el Administrador. Recibidos los resultados de dichos exámenes, el médico asesor hará la determinación final sobre incapacidad y someterá su recomendación al Administrador. Se considerará capacitado al participante, si no está total y permanentemente incapacitado e imposibilitado para cumplir los deberes de cualquier cargo que su patrono le hubiese asignado para trabajar en cualquier empleo retribuido, con un sueldo o retribución por lo menos igual a la que está percibiendo.
Los criterios médicos para probar incapacidad, mencionados en la Regla 24.4 del Reglamento, supra, son los adoptados por las autoridades federales bajo la Ley de Seguridad Social Federal, 20 C.F.R. Pt. 404.1501 Ap. I.
La obligación de probar la incapacidad es de la persona que solicita la pensión. El estatuto establece que se considerará capacitado al empleado si no está total y permanentemente imposibilitado para cumplir los deberes de cualquier cargo que su patrono le hubiese asignado para trabajar en cualquier empleo retribuido, con un sueldo o *755 retribución por lo menos igual a la que está percibiendo. Este Foro ha señalado que la incapacidad que obligue al retiro al empleado con derecho a la anualidad por incapacitad debe ser de tal naturaleza que le inhabilite para desempeñar las funciones de su empleo y de cualquier otro empleo remunerativo. Una incapacidad leve que limita las funciones de su trabajo o de cualquier otro empleo remunerativo, no da base para recibir una pensión bajo el estatuto. Sánchez v. A.S.R.E.G.J., 116 D.P.R. 372 (1985).
Visto el derecho aplicable, analicemos los hechos ante nos.
III
La peticionaria alega que erró el tribunal intermedio al confirmar la determinación de no incapacidad de la Junta de Síndicos porque ésta no se conforma a la evidencia que obra en el expediente.
Un análisis del expediente revela que la señora López Echevarría tiene limitaciones físicas. Sin embargo, no hay prueba de que su incapacidad sea total y le impida efectuar alguna labor para su patrono. La Administración concluyó que la señora López Echevarría no cumple con los requisitos de incapacidad para que se le conceda la pensión solicitada. Considerando que las agencias cuentan con el conocimiento experto y con la experiencia especializada de los asuntos encomendados, sus decisiones merecen la mayor deferencia judicial.
Por otro lado, la señora López Echevarría no ha demostrado que existe prueba en el expediente que permita concluir que la determinación de la agencia no fue razonable de acuerdo con la totalidad de la prueba sometida. Al contrario, los argumentos que ofrece son especulativos y abstractos.
En conclusión, la decisión de la agencia administrativa está fundamentada en el expediente y la peticionaria no *756 nos ha puesto en condición de sustituir la apreciación de la agencia.
La señora López Echevarría señala, además, que erró el Tribunal de Apelaciones al sostener la interpretación que hace la Junta de Síndicos de la ley y el reglamento del Sistema de Retiro.
Para la determinación de la incapacidad, el Reglamento se refiere a la lista de criterios médicos (Adult Listings) adoptados por las autoridades federales bajo la Ley de Seguridad Social Federal. Además, establece expresamente que se concederán los beneficios de pensión cuando se pruebe que el empleado esté total y permanentemente incapaz.
El hecho que la Administración utilice la misma lista de criterios que usa la Administración de Seguro Social no la obliga en las determinaciones sobre incapacidad, sobretodo cuando el Reglamento establece claramente el grado de incapacidad que ha de probarse, que debe ser total y permanente. En específico, el empleado será considerado capaz si no prueba su incapacidad total y permanente. La agencia queda autorizada a determinar, fundamentada en la evidencia sometida, si hay o no incapacidad para la concesión de la pensión.
En este caso, la Administración determinó que la señora López Echevarría no cumple con el requisito de incapacidad establecido para conceder la pensión. La resolución de la Administración está fundamentada en la evidencia obrante en el expediente. Sin embargo, la señora López Echevarría no aportó evidencia que pruebe que la determinación de la agencia no fue razonable. Por lo tanto, no podemos sustituir el criterio de la agencia por el de nosotros.
IV
Por los fundamentos que preceden, se confirma la sentencia del Tribunal de Apelaciones.
*757 Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rivera Pérez emitió una opinión disidente, a la cual se unió la Jueza Asociada Señora Fiol Matta.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo